UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FITZGERALD JENKINS,

    Plaintiff,

v.

    Civil Case No. 22-10931
    Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

On May 2, 2022, Plaintiff filed this lawsuit challenging a final decision of the Commissioner denying Plaintiff's application for social security benefits. (ECF No. 1.) The following day, this Court referred the action to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 12, 13.)

On November 28, 2022, Magistrate Judge Grand issued an R&R recommending that this Court grant the Commissioner's motion, deny Plaintiff's motion, and affirm the Commissioner's decision finding Plaintiff not disabled

under the Social Security Act. (ECF No. 16.) At the conclusion of the R&R, Magistrate Judge Grand advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at Pg ID 1731-32.) Magistrate Judge Grand further specifically advises the parties that "[f]ailure to timely file objections constitutes a waiver of any further right to appeal" and that "[o]nly specific objections . . . will be preserved for the Court's appellate review[.]" (*Id.* at Pg ID 1731-32 (citations omitted).)

Neither Plaintiff nor the Commissioner filed "objections" to the R&R. Plaintiff did file a "request" and "document" within the fourteen-day period for objections; however, neither filing contains specific objections to Magistrate Judge Grand's R&R. (*See* ECF Nos. 17, 18.) Instead, the filings reflect that the United States Department of Education discharged Plaintiff's student loans on the basis of total and permanent disability. (*Id.*)

As Magistrate Judge Grand advised in the R&R, "specific objections" must be filed to preserve issues for review. "The filing of vague, general, or conclusory objections does not meet the requirements of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Plaintiff's filings fail to make any objection, much less a specific objection, to the R&R. Plaintiff

2

does not specifically identify how or in fact, if, the magistrate judge's factual or legal recommendations were incorrect.

Moreover, as the Commissioner argues (*see* ECF No. 19), Plaintiff's filings do not undermine Magistrate Judge Grand's conclusion that substantial evidence supports the Commissioner's finding that Plaintiff is not disabled under the Social Security Act. First, disability decisions by other governmental agencies are not binding on the Commissioner. 20 C.F.R. § 404.1504. This is because each agency makes disability decisions under different rules and according to different criteria. *Id*. Further, the Department of Education's determination was based on a physician certified discharge application dated more than a year after the Commissioner's decision. Therefore, it is not apparent whether Plaintiff had the opined limitations at the time of the decision or, if so, the extent of those limitations. As well, it is not evident that the stated opinions would have resulted in a different finding. Finally, the Commissioner would not have been bound by the physician's opinion. *See id.* § 404.1520c.

This Court may remand a social security case under sentence six of 42 U.S.C. § 405(g) if new and material evidence is submitted and the claimant can show good cause for not presenting the evidence in the prior proceeding. 42 U.S.C. § 405(g); *Glasco v. Comm'r of Soc. Sec'y*, 645 F. App'x 432, 435 (6th Cir. 2016); *Brainard v. Sec. of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). A sentence six

3

remand "is appropriate when 'new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.'" *Glasco*, 645 F. App.x at 434 n.1 (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)). The party seeking remand has the burden of showing that a remand is proper. *Glasco*, 645 F. App'x at 435 (citing *Oliver v. Sec'y of HHS*, 804 F.2d 964, 966 (6th Cir. 1986).

The Department of Education's approval may be "new." Nevertheless, for the reasons discussed above, it is not material. Plaintiff did not present this Court with his physician's certification, which apparently was the basis for the Department of Education's decision. Thus, it is impossible to assess whether the certification undermines the substantial evidence Magistrate Judge Grand found supporting the Commissioner's decision. In any event, Plaintiff fails to show that this evidence was unavailable previously. And, again, the Administrative Law Judge was not legally bound to accept the physician's opinions.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Grand. The Court therefore adopts Magistrate Judge Grand's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 13) is **GRANTED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 4, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 4, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager